(140 App. Div. 321.)

TAYLOR v. METROPOLITAN FIREPROOF STORAGE WAREHOUSE CO.

(Supreme Court, Appellate Division, First Department.   October 21, 1910.)

PLEADING (§ 326*)—BILL OF PARTICULARS—RIGHT TO BILL.

> Plaintiff sued defendant warehouse company for a conversion of certain goods, which defendant had sold for nonpayment of storage charges, and in response to an order for a bill of particulars plaintiff stated that she expected to prove that the conversion consisted in a sale of the property, in violation of defendant's agreement with plaintiff not to sell the property, and in violation of the law pertaining to liens on personal property. *Held*, that defendant was entitled to a further bill of particulars, stating the nature and character of the agreement, when and where made, whether oral or in writing, and the name or names of the persons present.
>
> [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 990–992; Dec. Dig. § 326.*]

Appeal from Trial Term, New York County.

Action by Frances E. Taylor against the Metropolitan Fireproof Storage Warehouse Company.   From an order denying a motion for a further bill of particulars, defendant appeals.   Reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and SCOTT, JJ.

Leopold B. Pollak, for appellant.

Edward Kellogg Baird, for respondent.

McLAUGHLIN, J.  Defendant is engaged in the storage warehouse business, and the action is to recover damages alleged to have been sustained by the plaintiff by reason of the conversion of certain goods stored with it.   The answer is to the effect that the goods alleged to have been converted were sold for nonpayment of storage charges, after all of the provisions of the statutes relating to the sub-

ject had been complied with. After issue had been joined, upon defendant's motion, an order was made directing plaintiff to serve upon it a bill of particulars which should set forth the manner in which the plaintiff claimed that the defendant converted the property referred to, and also the theory upon which the plaintiff proposed to establish conversion. In response to this order plaintiff served a bill of particulars, in which the conversion was stated to consist in a sale of the property—

"in violation of defendant's agreement with plaintiff not to sell said property, and in violation of the provisions of law pertaining to liens on personal property."

A motion was then made for a further bill of particulars, which should set forth, among other things, the nature and character of the agreement, when and where made, whether oral or in writing, and the name or names of the persons present. The motion was denied, and the appeal is from that order.

I think the motion should have been granted, to the extent of requiring her to give this information. If the plaintiff had an agreement with the defendant that it would not sell the property referred to, then there is no reason why she should not furnish it with the information bearing on that subject.

The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion granted, to the extent of requiring the plaintiff to furnish a bill of particulars which shall set forth the facts called for in that part of the notice of motion designated "I." All concur.

---

HOLLANDER v. HUDSON et al.

(Supreme Court, Appellate Division, First Department. October 21, 1910.)

PLEADING (§ 317*)—COMPLAINT—BILL OF PARTICULARS—NEGLIGENCE.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Appeal from Trial Term, New York County.